UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ULYSSE GUENSON,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1078

Honorable Jane M. Beckering

### **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### I.    **Procedural History**

In Petitioner's third § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7–8.)

In an order entered on April 6 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response and a recording of the

March 19, 2026 bond hearing on April 9, 2026. (Resp., ECF No. 4; Recording of March 19, 2026 Bond Hearing, filed on Apr. 9, 2026.) Petitioner filed his reply later that same day, (ECF No. 5).

## II.     Relevant Factual Background

Petitioner is a citizen of Haiti who entered the United States in 2024. (Pet., ECF No. 1, PageID.4; 2025 Form I-213, ECF No. 1-1, PageID.11.) On December 29, 2025, Petitioner was arrested and detained by ICE at a check-in appointment in Detroit. (2025 Form I-213, ECF No. 1-1, PageID.11.)

On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Guenson Ulysse v. Raycraft*, No. 1:26-cv-166 (W.D. Mich.). In *Ulysse*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ulysse*, (W.D. Mich. Feb. 2, 2026), (ECF Nos. 6, 7).

On February 9, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*See* Resp., ECF No. 4, PageID.49.) At that hearing, the Immigration Judge (IJ) denied bond because Petitioner did not establish he does not present a flight risk. Pet., *Guenson*, (W.D. Mich. March 2, 2026), (ECF No. 1, PageID.5). On March 2, 2026, Petitioner filed a second § 2241 petition challenging the burden of proof at the February 9, 2026 bond hearing in *Guenson v. Raycraft*, 1:26-cv-695 (W.D. Mich.). In *Guenson*, the Court conditionally granted Petitioner petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with an bond hearing pursuant to § 1226(a) at which the government has the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days of the

2

date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Guenson*, (W.D. Mich. March. 13, 2026), (ECF Nos. 7, 8).

On March 19, 2026, in compliance with this Court's Opinion and Judgment, Petitioner received a bond hearing pursuant to § 1226(a). (*See* Resp., ECF No. 4, PageID.49.) At the conclusion of the hearing the IJ denied Petitioner's request for bond, stating, "Court finds by clear and convincing evidence that the [Petitioner] is a flight risk who has failed to comply with ATD and has a previous removal order. [Petitioner] has a low likelihood of being granted relief." (Order of the IJ, ECF No. 1-2, PageID.14.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 19, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    April 30, 2026                          /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge